THE PEOPLE OF THE STATE OF NEW YORK, Respondent v. JAMES STROHM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered September 11, 1970, convicting him on his plea of guilty of attempted burglary in the third degree and imposing sentence. Judgment modified on the facts by reducing the sentence to the time already served. In our opinion, the sentence was excessive to the extent indicated. Munder, Acting P. J., Martuscello, Latham, Gulotta and Christ, JJ.

JOSEPH G. RAMSAY, III, Respondent, v. MARIA P. RAMSAY, Appellant. — Order of the Supreme Court, Rockland County, entered November 15, 1971, insofar as appealed from, reversed without costs, and the action is struck from the calendar. Another order of said court, entered November 15, 1971 and two orders entered December 2, 1971, affirmed, without costs. In directing that a witness be sworn, even though plaintiff had served an amended complaint pleading a new cause of action for annulment in place of the cause of action for divorce pleaded in the original complaint and to which defendant had not yet answered, the court abused its discretion. We note that subsequently the court adjourned "the trial of the action to the next trial calendar" although at the same time stating that "A resolution of the pending incompetency proceeding is necessary before the issues raised in this matrimonial action can be tried". Upon the argument of these appeals, it appeared that the incompetency proceeding was moving at a snail's pace and that a consideration of the merits of that proceeding had not yet even begun because plaintiff's motion for a change of venue of that proceeding from New York County to Rockland County is now being heard by a Referee. Plaintiff's contention that he was delayed by the defendant in the trial of this matrimonial action is singularly unimpressive in view of the procedural steps he has taken to delay a decision of the incompetency proceeding on the merits. It seems to us that under all the circumstances the matrimonial action should be struck from the calendar, with permission to plaintiff to renotice it so that the propriety of the defendant's demand for a jury trial may be passed upon, if that demand is attacked by the plaintiff, and that the trial should be stayed until the determination of the incompetency proceedings. If that proceeding results in adjudication of incompetency, then the committee should be substituted as a party plaintiff in this action. Munder, P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.